UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN ATHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-01240-SHM-tmp |
| | ) | No. 1:23-cv-01281-SHM-tmp |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DENYING FIRST MOTION TO CONSOLIDATE, DENYING IN PART AND GRANTING IN PART SECOND MOTION TO CONSOLIDATE, CONSOLIDATING CIVIL NUMBERS 23-1240 AND 23-1281, DISMISSING CLAIMS AGAINST IMMUNE DEFENDANTS WITH PREJUDICE, DISMISSING REMAINING CLAIMS IN THE CONSOLIDATED COMPLAINT WITHOUT PREJUDICE, AND GRANTING LEAVE TO AMEND**

On November 3, 2023, Plaintiff Jonathan Atha ("Atha" or "Plaintiff"), who was then incarcerated at Hardeman County Correctional Facility ("HCCF"), a CoreCivic prison in Whiteville, Tennessee,[1] filed a document styled "PREA[2] Complaint Against CoreCivic, Damon Hinniegar, & Patrick Swindell For Genocide, Drug Traffic[k]ing, RICO[3] Viola[tion,] Murder, Torture, and Kidnapping Agg Sexual Battery By Authority Figure & Violation of RLUIPA![4] And 'The Nelson Mandel[]a Rules.'" (*See* "Initial Complaint," Civ. No. 23-1240, ECF No. 1.) The

---

[1] *See* Tennessee Department of Correction, State Prison List (tn.gov) (last accessed July 12, 2024).

[2] *See* Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. §§ 15601, et seq.

[3] *See* Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.

[4] *See* Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.

Court construes this case as brought under 42 U.S.C. § 1983.  Atha attached a Grievance Hearing Summary from August 20, 2019, and an inmate grievance from 2019.  (*See* ECF No. 1-1.)

In addition to his two pending cases in this Court: 1) *Atha v. CoreCivic, et al.*, Civil No. 23-1240; and 2) *Atha v. CoreCivic*, *et al*., No. 23-1281[5], Atha has two closed cases that were filed in the United States District Court for the Middle District of Tennessee, *Atha v. Washburn*, *et al.*, No. 3:19-cv-0544, and *Atha v. CoreCivic*, No. 3:23-cv-01363.  (*See* Civ. No. 3:19-0544 (M.D. Tenn.), ECF No. 108 at PageID 918.)

On November 30, 2023, Atha filed a "Motion to Consolidate to Righteous Court" which contained additional allegations and sought to consolidate all of Atha's cases.  ("First Motion to Consolidate," Civ. No. 23-1240, ECF No. 5.)  On December 15, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").  (ECF No. 6.)  On January 11, 2024, Atha filed a second document, which was docketed as a Motion to Consolidate, asking why he had so many case numbers.  (*See* "Second Motion to Consolidate", Civ. No. 23-1240, ECF No. 7.)  Atha has filed multiple attachments and grievances.  (*See* ECF Nos. 8-12.)

For the reasons explained below, the First Motion to Consolidate is **DENIED**; the Second Motion to Consolidate is **GRANTED IN PART** and **DENIED IN PART**; and Civil Nos. 23-1240 and 23-1281 are **CONSOLIDATED** under Civ. No. 23-1240.

For purposes of screening the case under the PLRA, the Court will address Civil No. 23-1240, ECF Nos. 1 and 5, and Civil No. 23-1281, ECF No. 1, as the "Consolidated Complaint." The claims in the Consolidated Complaint against Defendants the United States of America, the State of Tennessee, the Tennessee Judiciary, and Lucifer are **DISMISSED WITH PREJUDICE**;

---

[5] The Court also construes this case as brought under 42 U.S.C. § 1983.

all other claims in the Consolidated Complaint are **DISMISSED WITHOUT PREJUDICE**; and leave to amend the claims dismissed without prejudice is **GRANTED**.

## I. BACKGROUND

In Civil No. 23-1240, Atha does not use the form for filing a § 1983 complaint. CoreCivic, Damon Hinniegar, and Patrick Swindell have been named as Defendants based on the *pro se* handwritten complaint. (Civil No. 23-1240, ECF No. 1 at PageID 1.)

Atha alleges that he has been "strip searched by homosexuals who made me bend over, spread my butt cheeks, and cough repea[t]edly." (*Id.*) He asserts that he was sexually battered by an authority figure. (*Id.*) Atha contends that Hinniegar encourages this behavior. (*Id.*)

Atha alleges that Hinniegar lets fentanyl be smuggled into the facility "by untrained staff who under his direct order by way of 'RICO' order deceased, suicide, & drug overdose[d] victims to be cremated 'against Gods law' and the RLUIPA." (*Id.*) Atha alleges:

> [t]hey are killing believers of the God of Abraham, Isaac, & Jacob at an alarming rate in TN, committing genocide and hiding the # of deaths by sending the dead to the (hospital or life flight) to cover where the person actually died at. Not to mention filing a claim and rec[ei]ving insurance money from inmates/slaves, Swindell banks owns policies on.

(*Id.*) Atha alleges that Hinniegar and CoreCivic are violating RLUIPA by: 1) cremating inmates without consent; 2) serving pork, Jello, and pudding without giving notice; 3) refusing to adhere to TDOC policy for religious services; and 4) refusing to notify next of kin when inmates die and that "they are receiving money and refusing to bury inmates, with insurance proceeds." (*Id.* at PageID 2.)

Atha includes a document that appears to be instructions about filing a lawsuit when a case is time-barred and filing a Freedom of Information Act ("FOIA") request for a district attorney's file. (*Id.* at PageID 3-4.) He says, "Here is new evidence/coram nobis." (*Id.* at PageID 3.) Atha

alleges that "a star chamber will not suffice" and that "any conviction under the Moonshine Goddess on the TN judiciary seal cannot stand." (*Id.*) He asserts that his FOIA request was denied. (*Id.* at PageID 4.)

Atha attaches a grievance hearing summary and grievance form about his life being threatened. (ECF No. 1-1.) On the inmate grievance form, Atha alleges that "[o]fficers in HSA are working in concert to get me stabbed by gang members and assaulted." (*Id.* at PageID 6.) He contends that inmates have keys to the cells and master locks and that "staff shares this knowledge." (*Id.*) Atha asserts that inmates in C-Pod have lied and manipulated staff into believing that Atha "owes everybody in the Pod." (*Id.* at PageID 7.) He complains that SCO Ackerman and CO Hubbard are working in concert with gang members to get him stabbed, assaulted, and have his property stolen. (*Id.*)

On November 30, 2023, Atha filed a document styled Motion to Consolidate to Righteous Court" in which he asks the Court to consolidate Civ. No. 23-1240 with No. 3:19-cv-00544 and seeks an order to preserve all camera footage at HCCF from May 20, 2020 to November 29, 2023. (*See* First Motion to Consolidate, Civ. No. 23-1240, ECF No. 5 at PageID 17, 21). Atha alleges that he is being tortured daily and in fear of great bodily harm from HCCF staff, that he is being sexually battered and harassed, that his rights to religious freedom and to access to the courts have been violated, and that his legal mail is being stolen. (*Id.* at PageID 17-19, 21). Atha contends that staff "routinely cover up death and deny inmates basic human rights." (*Id.* at PageID 17.) He alleges that Hinniegar and Swindell are trying to have him killed. (*Id.* at PageID 18.)

Atha asserts that the Tennessee Judiciary is violating his religious rights by "stamping all my judgments with a 'foreign goddess dike'" in violation of the Tennessee Constitution, Tennessee Code Ann. §§ 4-1-404 and 407, and the "Supreme Law of the Land, and sea as presented on the

Supreme Court building in the District of Columbia." (Civ. No. 23-1240, ECF No. 5 at PageID 20.)

Atha alleges retaliation from filing a lawsuit while at Trousdale Turner Correctional Center that "got me shipped" to South Central Correctional Facility ("SCCF"), a CoreCivic prison.[6] (*Id.* at PageID 21.) He alleges that he was segregated for almost a year at SCCF and is daily refused recreation. (*Id.* at PageID 21, 26.) He refers to CoreCivic as a "death camp." (*Id.* at PageID 23, 26.) He contends that he receives inheritance payments of $25.00 per month and that CoreCivic is taking half of the money. (*Id.* at PageID 26.)

Atha asserts that he seeks "the relief of policy change and reserve[s] the right to change relief if attacks on myself continue." (*Id.* at PageID 21.) Atha contends that the prison should be audited by an independent audit team. (*Id.* at PageID 22.)

Atha asks the Court to add the following Defendants because they are colluding against him: 1) Sevier County; 2) the State of Tennessee Judiciary; 3) Knox County; 4) the United States of America; and 5) the State of Tennessee.[7] (Civ. No. 23-1240, ECF No. 5 at PageID 19.) Atha refers to these entities as "corp[o]ration[s]." (*See id.* at PageID 19-20.) He alleges that he was sentenced by a county corporation to TDOC, a Tennessee state corporation, which sold him to CoreCivic and that "this was not part of my contract" with Knox County. (*Id.* at PageID 20.)

On January 11, 2024, Atha filed a document in both Memphis cases asking that the cases in the Western District of Tennessee be consolidated with the closed cases in the Middle District

---

[6] *See* CoreCivic, South Central Correctional Center (corecivic.com) (last accessed July 12, 2024).

[7] The Clerk is **DIRECTED** to modify the docket in Civ. No. 23-1240 and add the State of Tennessee, Knox County, Sevier County, and the United States of America as Defendants. Knox County, Sevier County, and the United States of America are also Defendants in Civ. No. 23-1281.

5

of Tennessee.  (*See* Second Motion to Consolidate, ECF No. 7; *see also* Civil No. 23-1281, ECF No. 6.)

## II.     MOTIONS TO CONSOLIDATE

In the First Motion to Consolidate, Atha asks the Court to consolidate Civ. No. 23-1240 with *Atha v. Washburn*, *et al*., No. 3:19-cv-0544 (M.D. Tenn.).  (Civ. No. 23-1240, ECF No. 5 at PageID 17.)  In the Second Motion to Consolidate, Atha asks that cases in the Western District of Tennessee be consolidated with the closed cases in the Middle District of Tennessee.  (*See* Civ. No. 23-1240, ECF No. 7; *see* Civ. No. 23-1281, ECF No. 6.)

*Atha v. Washburn, et al.*, No. 3:19-cv-0544, was closed in 2021.  (*See* Civ. No. 3:19-0544, ECF Nos. 104; *see* ECF No. 108 at PageID 918.)  Atha filed an amended complaint (*see id.*, ECF No. 106) and trust account statement (*see id.*, ECF No. 107) after the closure in December 2023.  (*See id.*, ECF Nos. 107 & 108.)  The court in Nashville directed the Clerk "to docket the recent filings made by Plaintiff at **Docket Entry Nos. 106 and 107** as a new case and then transfer the new case to the Western District of Tennessee as related to, or for consideration with, a current case Plaintiff has pending in the Western District of Tennessee, *Atha v. Core Civic et al*., Case No. 23-cv-1240-SHM-tmp."  (Civ. No. 3:19-0544, ECF No. 108.)  The amended complaint and trust account statement were filed in *Atha v. Core Civic*, No. 3:23-cv-01363, ECF Nos. 1 & 2, and the case was transferred to the Western District of Tennessee on December 26, 2023, and filed as Case No. 1:23-cv-1281.  (*See* Civ. No. 23-1281, ECF Nos. 1-3.)

Under Federal Rule of Procedure 42(a),

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

6

(3) issue any other orders to avoid unnecessary cost or delay.

The cases in the Western District of Tennessee cannot be consolidated with closed cases in the Middle District of Tennessee. For that reason, the First Motion to Consolidate is **DENIED**, and the Second Motion to Consolidate is **DENIED IN PART** to the extent Atha seeks to consolidate his Western District cases with the closed cases in the Middle District of Tennessee.

The cases in the Western District of Tennessee allege claims about slavery, cruel and unusual punishment, sexual harassment, retaliation, issues with legal mail, conditions in CoreCivic prisons, human trafficking, killing inmates, stealing insurance proceeds for deceased inmates, violation of religious freedoms, taking of Atha's inheritance money, and complaints about the Tennessee judiciary and the "goddess dike" on the seal. (*See* Civ. No. 23-1240, ECF No. 1; *see* Civ. No. 23-1281, ECF Nos. 1 & 1-1). Atha names many of the same Defendants in both cases, with the exception of Lucifer as a Defendant in Civ. No. 23-1281. Atha has filed duplicate documents in both cases. (*See* Civ. No. 23-1240, ECF Nos. 8-12; *see* ECF No. 23-1281, ECF Nos. 7-11.) Because there are common questions of law and fact in these cases, the Second Motion to Consolidate (Civ. No. 23-1240, ECF No. 7; *see* Civ. No. 23-1281, ECF No. 6) is **GRANTED IN PART** to the extent Atha seeks to consolidate the Western District cases. The Clerk is **DIRECTED TO CONSOLIDATE** Civ. Nos. 23-1240 and 23-1281 and file a copy of this Order in both cases. All future filings shall be in Civ. No. 23-1240.

### III.   LEGAL STANDARDS

#### A. Screening Requirements

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to complaints drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot 'create a claim which [a plaintiff] has not spelled out

8

in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## B. Requirements To State A Claim Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). To succeed, Atha must satisfy both requirements.

## IV. ANALYSIS

The Consolidated Complaint fails to state a claim to relief as a matter of law because, as explained below: (1) Atha alleges claims against Defendants who are immune from suit; and (2) Atha has failed to state a claim for relief against the Defendants.

### A. The United States of America

In the Consolidated Complaint, Atha names the United States of America as a Defendant and alleges that "[s]lavery was abolished in America even though Joe Biden voted against civil rights and is a slave owner" and that the United States "[e]mploys several different entities to enslave/incarcerate upon statute violations" in contradiction to the Declaration of Independence and the United States Constitution (Section 10, Art. 1). (Civ. No. 23-1240, ECF No. 5 at PageID 19; *see id.*, ECF No. 5-1 at PageID 28; *see* Civ. No. 23-1281, ECF No. 1 at PageID 4, 11.) Atha asserts that that United States "has just committed an action of sin [] against a human[] bei[ng] & person." (*Id.* at PageID 11.) He accuses the United States of colluding with a "homegrown terrorist org[a]nization, such as CoreCivic et al. to buy, sell, or barter humans" and contends that this is human trafficking and a slave trade. (*Id.*)

*Bivens v. Six Unknown Named Agent of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), provides a cause of action against federal employees who violate a litigant's rights under the U.S. Constitution.  Atha has not named a federal employee as a defendant.  He sues the United States.

A *Bivens* claim against the United States is barred by sovereign immunity.  *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).  Sovereign immunity also bars *Bivens* actions against the United States or its agencies for declaratory and injunctive relief.  *Wolverton v. United States*, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997)(per curiam); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991).  The United States can be sued only to the extent it has waived its sovereign immunity.  *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941).  A waiver of sovereign immunity cannot be implied but must be expressed unequivocally by Congress.  *See United States v. Certain Land Situated in the City of Detroit*, 361 F.3d 305, 307 (6th Cir. 2004)("A waiver of sovereign immunity must be unequivocally expressed in the statutory text ... and will not be implied.")(quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)(internal citations omitted).  No waiver of sovereign immunity applies in this action.

The Court DISMISSES any *Bivens* claims against the United States, pursuant to 28 U.S.C. 1915A(b)(2), because Plaintiff seeks relief from a Defendant that is immune from that relief, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2), because Plaintiff fails to state a claim on which relief may be granted.  Atha's claims against the United States of America are DISMISSED WITH PREJUDICE.

### B. The State

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted).

Tennessee has not waived its sovereign immunity.  *See* Tenn. Code Ann. § 20-13-102(a). A state is not a person within the meaning of 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Atha's claims against the State of Tennessee are barred by the Eleventh Amendment, not cognizable under § 1983, and fail to state a claim upon which relief may be granted.  Atha's claims are against the State of Tennessee are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2).

### C. The Tennessee Judiciary

In the Consolidated Complaint, Atha names the Tennessee Judiciary as a Defendant. (*See* Civ. No. 23-1240, ECF No. 5 at PageID 19.)  He does not identify a specific member of the judiciary who violated his rights.  Atha alleges his religious rights are being violated by the courts stamping his judgments with a "foreign goddess dike" in violation of the Tennessee Constitution and the "Supreme Law of the Land, and Sea as Presented on the Supreme Court." (*Id.* at PageID 20.)  Atha contends that God cannot be removed from the courts of law. (*Id.*)

11

Atha appears to be referring to Lady Justice balancing the scales on the Seal of the Tennessee Judiciary. Atha has not explained how the Seal of the Tennessee Judiciary on his judgment violates his religious rights.

The judicial immunity doctrine is expansive and provides judges with "immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See Mireles*, 502 U.S. at 9-10; *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge acts in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Lucas v. Holland*, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn. March 22, 2017), *aff'd*, No. 17-5425, 2017 WL 4764472, (6th Cir. Sept. 26, 2017) (actions "during the course of criminal proceedings ... clearly are within ... the scope of [judges'] judicial function"). If a judge pursued the challenged conduct in the course of judicial duties, the judge is entitled to judicial immunity. *Palazzolo v. Benson*, No. 95-1067, 1996 WL 156699, at *4 (6th Cir. April 3, 1996). A judge will not be deprived of immunity because the action the judge took may have been in error, was done maliciously, or was in excess of the judge's authority. *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967). A judge is subject to financial liability for a judicial act only when the judge has acted in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 356-57; *Pulliam v. Allen*, 466 U.S. 522 (1984). A judge so acts only if the matter is clearly outside the subject matter jurisdiction of the court. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).

Atha's claims against the Tennessee Judiciary are based entirely on the court's entering judgments in its judicial capacity during Plaintiff's state criminal proceedings and are claims

against an immune Defendant.[8]  Atha has not alleged facts supporting a finding that any Tennessee court acted without jurisdiction.  Atha fails to allege sufficient facts demonstrating a claim to relief against the Tennessee Judiciary.  Atha's claims against the Tennessee Judiciary are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2).

### D. CoreCivic

A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners.  *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. Tennessee*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018).  To prevail on a § 1983 claim against CoreCivic, Atha "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights.  *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Atha has not alleged that a policy or custom of CoreCivic was the "moving force" behind the alleged violations of his constitutional rights.  The allegations against CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[8] To the extent Atha alleges a claim against a Tennessee judge in that judge's official capacity, those allegations are treated as claims against the judge's employer, the State of Tennessee.  *See, e.g., Owens v. Weirich*, No. 2:21-cv-2041-MSN-tmp, 2021 WL 4234937, at *2 (W.D. Tenn. Sept. 26, 2021).  The same immunity that applies to the State of Tennessee applies here.

### E. Sevier & Knox Counties

Atha alleges that Sevier and Knox Counties, with other Defendants, are colluding against him. (Civ. No. 23-1240, ECF No. 5 at PageID 19.) Atha does not allege facts supporting that allegation.

Sevier County and Knox County may be held liable *only* if Atha's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Atha does not allege that he has been deprived of a right because of a policy or custom of Knox County or Sevier County. Atha seeks relief based on his allegations of collusion, that "this was not part of my contract", and that Knox County acted outside its jurisdiction. (*See* Civ. No. 23-1240, ECF No. 5 at PageID 19-20.) Atha fails to allege any facts about an illegal or unconstitutional act the counties took against him. Atha fails to identify an official policy or custom of Knox County or Sevier County that injured him.

For these reasons, Atha's claims against Sevier County and Knox County are DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### F. Swindell & Hinniegar

Atha does not specify whether he is suing the Defendants Swindell and Hinniegar in their official or individual capacities.  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).

Atha's claims against Swindell and Hinniegar in their official capacities are treated as claims against their employer -- i.e., CoreCivic, which is a private company that manages the HCCF.  To prevail on those claims, Atha "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Atha's rights. *See Braswell*, 419 F. App'x at 627.

Because Atha has not alleged that Swindell and Hinniegar are acting pursuant to a custom or policy of CoreCivic, he has failed to state a claim for relief.  Atha's claims against Swindell and Hinniegar are DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### G. Lucifer

Atha names as a Defendant "Lucifer, et al., including Satan, THE Devil, Goddess dike or, Justice" and lists the address as "Unknown, 'in hiding'."  (Civ. No. 23-1281, ECF No. 1 at PageID 4.)  Atha asserts that "Lucifer, working in concert with Damon Hinni[e]g[a]r and, Patrick Swindell

have developed with stockholders a Slave Trade, and Racket[] to commit[] acts of Terror on Home Soil.  This is all paid for with federal grant money, and proceeds from Death, by Design."  (*Id.* at PageID 13.)  Atha alleges that Lucifer has "started experimenting with 'GoodSource Solutions' to make inmates infertile, and docile with products such as Phenynalyne, or Phenylalanine, and Phenylketonurics, all against my religious rights, to eat & drink natural foods, without preservatives (RLUIPA), violation."  (*Id.*)

Although the Court does not question Atha's belief, Lucifer, a non-human being, is not a person who can be sued under § 1983.  There is no allegation that Lucifer was acting under color of state law.  Atha has failed to state a § 1983 claim against Lucifer.  Atha's claims against Lucifer are DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

V.     **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint

would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Atha leave to amend under the guidelines set forth below.

## VI. CONCLUSION

For all of the reasons explained above:

(1)   The United States of America, the State of Tennessee, and the Tennessee Judiciary are immune from suit, and the claims against those Defendants and Lucifer are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) and § 1915A(b)(2),

(2)   As to all other Defendants, the Consolidated Complaint (Civil No. 23-1240, ECF Nos. 1 and 5, and Civil No. 23-1281, ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1); and

(3)   Leave to amend is GRANTED. An amended complaint must be filed in Civ. 23-1240 within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Atha's claims. The Court grants Plaintiff only one opportunity to amend. An amended complaint supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Atha must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must

arise from the facts alleged in the Consolidated Complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If the Plaintiff chooses to amend, he must file amended claims in <u>one</u> document on the "Complaint For Violation Of Civil Rights (42 U.S.C. § 1983)" form, which is available from the Court's website. *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed July 12, 2024).

(4) If Atha fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Complaint with prejudice in its entirety and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this 15th day of July, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE